Thank you, Judge Higginson, and may it please the Court, Your Honors, the 65-month sentence the District Court imposed in this illegal reentry case is more than four years and over 300 percent above the top of the guidelines range recommended for an illegal reentry offender with a criminal and immigration history like Mr. Zarco-Beiza's. Now, I'll get straight to the point. We are here today asking this Court to vacate that sentence as substantively unreasonable and remand for resentencing for two reasons. First, because the District Court's decision to impose this substantial upward variance was motivated at least in part by an improper sentencing consideration, namely the bare fact that Mr. Zarco-Beiza had a pending state DWI charge at the time of sentencing. And second, and more generally, because the District Court clearly erred in balancing the Section 3553A factors as a whole, not only by factoring the bare arrest record into its sentencing decision, but also by seriously undervaluing the extent to which the applicable guidelines range already took into account factors that the Court was concerned about. Now, we do rely on both of those arguments, but I am going to focus the majority of my energy here today on the first one, the improper factor argument, because in our view, that is the most straightforward and it is also the narrowest way. That doctrine's a little bit of a trap, right? Because probation has to list the arrests in the PSR. So what exactly is the rule? The District Court just can't mention what's in the PSR? Is it a mention? Is it a consider? Or is it a rely on? Judge Higginson, it's the latter two. I consider something that's right there in front of me. The Court can certainly consider the fact of an arrest, but what this Court's cases say and what they stand for is the proposition that when and the fact that a person has been charged or arrested for an unadjudicated offense is the only information that is conveyed in the record, whether it be in the pre-sentence report or by other means, that is a situation where that information is too unreliable to serve as the basis to raise the sentence, right? And so what matters is what this Court has said over and over again in Johnson and the cases since is that what matters is, as the Court put it in United States v. Fuentes, whether there's information describing the factual underpinnings of the offense. And that makes sense because if you have information about the facts that underlie the alleged conduct as opposed to just the mere facts that a person was charged . . . But just in this case, am I correct that both parties seem to be content with the PSR? And the PSR reflects that they're going to get more records to confirm whatever this charge is. And then when we start the sentencing hearing, and I don't know if you were the lawyer for your client, but the first words out of the defense attorney's mouth are, can you run this concurrent with that thing in Harris County? So then that's even more of a trap. The defense, am I right, the defense asks the Court to do something with this charge. The defense did mention the charge, Judge Higginson, but the defense did not do anything that was inconsistent with our written objections to the PSR as the record reflects. What's the sentencing Court supposed to do? Just say, oop, I can't talk about that? No, what the sentencing Court is supposed to do is recognize that there is not information in the pre-sentence report that demonstrates the facts of what happened in the case. You can look, if you want to place . . . But I'm asking, he's validating it, isn't he? I mean, disagree with me if you think . . . I do disagree with you, Judge Higginson. But he says run it concurrent with the sentence. That isn't saying, by the way, we're challenged to that. We want to go handle that as in a polling. It's more specific, it's more nuanced than that, Judge Higginson. It's, if that pending charge ultimately comes to fruition, we'd like you to recommend that the charge or that this sentence run concurrent, right? And so that is something different. All that our trial counsel was doing in that case was recognizing the fact of the arrest and saying that if it does turn into something, then we'd like you to run, we'd like you to recommend, we do say run the sentence concurrent, but the district court . . . You don't dispute we're looking at, we're reviewing this for plain error, do you? I do dispute that. We absolutely fully preserve this argument. And again, what I would . . . Where? Where, Judge Higginson, is, I'd like you to look at the record at pages 114 to 115. We filed written objections to the pre-sentence report. In those written objections, we said the probation officer is wrong for recommending that this court depart above the guidelines based on paragraphs 72 to 75 of the pre-sentence report. In those paragraphs, the probation officer said, Judge, you should, you might decide to depart above the guidelines range because several offenses didn't receive criminal history points and also because he has a pending DWI charge. We specifically stated in those written objections that the pending arrests are not, are, we object to the court's consideration of the pending arrests as a basis for going up. And we said because he's presumed innocent of those charges. And that is the, that is the basis. Okay, I, I'll, I'll look back at your objection because I remember reading the addendum. I thought, you're saying as to the paragraph that recites the arrest and the charge, you said those aren't facts that we accept to a preponderance. We, we did not specifically say that. What we did was say we object to you using the pending charge as a basis to go above the 16 month, the, the maximum guide of this. And you, okay. Because he's presumed innocent. And that's important, Judge Higginson, because what this court's case is required for a specific objection is that the objection be sufficiently specific to put the trial court on notice of the essence of the claim that's made on appeal. The essence of our claim that I'm making right now today is that it was an imp, it was improper basis for the district court to depart above the guidelines range based on the pending DWI charge. And that's what we communicated to the district court in our written objections. And then, of course, at sentencing, we went on to do, to say the sentence is greater than necessary to, um, uh, to. I thought you were objecting to a departure. I don't remember you disputing. We're talking about the reliability of unadjudicated conduct, right? Correct. And I thought he didn't object because he admits he's been charged. He doesn't deny he's been charged. Right, and, and that's important. Correct? So, so then you'd get to sentencing, and if the, the second the court says, I think I'm going to enhance based on unadjudicated conduct, that's when you've got to say, Judge, now you can't do that. But I don't see that happening at the sentencing. It didn't happen at sentencing. You're right, but, but. So do you still win if we, I know you're disputing it very articulately, but do you, how do you win under plain error? We win under plain error because in this circuit it is, it has been held to be plain error multiple times for a district court to rely on the bare fact that a defendant was arrested and charged with a separate unadjudicated crime. This court has repeatedly held that. In fact, in United States versus Williams in 1994 was the first case where this court explicitly held that an indictment, um, that had dismissed charges in and of itself is not a proper basis to increase the sentence or a proper consideration. If it weren't null prostrate dismissed, if there were a charge and it wasn't dismissed, and let's even assume a grand jury had returned the indictment, would you still say it's got no value? But wouldn't those facts be a lot further beyond than just a cop arresting somebody? No, I would not say that that's sufficiently reliable. And in fact, what I, what I wanted to point this court to is I think it's a misnomer when we, when this court refers to, or when we, the parties refer to a bare arrest record, I went through just the published cases cited in these two parties briefs here today. And in no less than nine of them, those cases involve dismissed or pending charges. I'll point you to United States versus Foley, the recent case where this court held that it is substantively unreasonable to do exactly what we're saying here, rely on pending charges. Those were pending possession with intent to distribute and pending assault charges in Texas state court that the district court considered in deciding to vary above the guidelines range in a revocation case. And that was held to be error. And what, so if you put Foley together for the proposition that it can be substantively unreasonable for a district court to rely on bare arrest records, and you put that together with the unbroken string of cases since at least 1994 stating that unless you have factual underpinnings describing the facts of the alleged conduct, it's inappropriate to consider a bare arrest record. You have plain. And then the question becomes the other two things that I wanted to address before this court and the two things that the government disputes was the information about the pending DWI charge in this case bare? And then if it was bare, did it influence the district court's sentencing? Counsel, let me get to your second, what you just said. Where, we know at a sentencing the district judge is going to go through the PSR, maybe talk about several things in it, maybe inquire about several things in it, perhaps even inquire about this. I see here where the defendant has been arrested and charged on such and such a date. What's the status of that? All of that is fair game. But then the district judge finally, after the elocution, finally turns to sentencing. Where specifically in this record can we find the district judge say something to the effect of, clearly enough, because of X, Y, and Z and this arrest, I am giving you a sentence above the guideline rate. Where is it included in the judge's reasons under the 3553 recitation? It's included in two places, Judge Engelhardt. It's included in the oral explanation of the sentence which I will read to you. I brought it up here to the stand just for that purpose and then I will also refer to the written statement of reasons which confirms that. But before that, I would like to emphasize that what it means for influence in this context is that it was a motivating factor in the district court's decision, not the primary or sole basis. So it doesn't have to necessarily be because of this pending arrest, I sentence you above the guidelines range. That has to be one of the ingredients in the sentencing recipe. And as long as it is one of the ingredients that confounds the recipe, then we say the sentence is too unreliable and we send it back for the district judge to do what district judges do, reconsider the record with the proper, or with all of the proper sufficiently reliable, excuse me, evidence in view and then make a sentencing determination. So first I'll turn to the oral explanation. The district court mentions expressly the DWI charge no less than three times in its oral explanation and I think most importantly I cite the paragraph beginning at the page of 89, Record on Appeal 89 and spanning over into 90, the district court says, and then it also causes the court concern that you have on your record already a DWI and you were arrested for a DWI and that is a charge that is pending. So the court is saying expressly it causes the court concern and what Judge Alvarez is saying when she's explaining the things that cause her concern is she's saying these are all the reasons that I am. Had this individual been arrested before and convicted before for DWI? That's correct, Judge Jolly. Why would the fact that he had recently been arrested for a DWI have any significant influence on the sentence if his record was replete with other convictions including DWI? It absolutely would, Judge Jolly, if we had sufficiently reliable facts for the district court to find that that pending DWI, that Mr. Zarcofeza committed the conduct underlying that DWI charge beyond a preponderance of the evidence, right? So that is the difference. Whenever we have just, and this court specifically addressed that in United States v. Johnson and it noted that other circuit courts. What if the district court had said, look, you've got a record for DWI going way back and you've got a record of convictions for it and I notice here that you've just recently been arrested for it. Would that have indicated to you that he was relying on the unadjudicated arrest? Yes, as well as, and see this is a point I think I want to make too because the judge would have a bearing on the sentence or any kind of impact on the sentence or the amount of the sentence that he was imposing. It does, I think Judge Alvarez in this case. I don't know if he was really concerned about this individual just coming back to the country time and time again and he decided he was going to take the rabbit out of it. He was concerned about those factors and we are not saying that the district court did not consider other legitimate factors in this case and we are not saying, I would be disingenuous for me to stand here and say that it is not likely on remand that Judge Alvarez would also choose to impose a variance above the 16-month range precisely because of the things that you mentioned, Judge Jolly, the fact that Mr. Zarco-Beza had returned so quickly after several of his . . . Are we talking about the third bond right now? We are talking about the, if we're in plain air review land, which we dispute, but if we are, we're talking about the . . . Why isn't it sort of looming pretty large, she said, I'm going to give you what you got last time you illegally entered, right? 65, that looks like it's unadorned with anything else. Judge Higginson, Judge Alvarez did discuss the fact that he had got a 65-month sentence before. She also discussed the fact that he got a 37-month sentence before and she, importantly, what she said when she's talking about those things is, she said that those are important, but she also said those things didn't do it, but quite frankly, I don't know what's going to do it here. And most importantly, the language that she used. Judge Alvarez is a very precise judge. She is very good at explaining her sentences. I write Anders briefs in her cases way more often than I'm up here making a merits case, right? And so what she said in this case is that I'm convinced that a sentence within the guideline range is not sufficient. She didn't say what's necessary to go on and allow you to, to decide that there's no influence here, which is what if she had said, I'm convinced that a sentence below 65 months would be insufficient. You want to vacate and remand, presumably this Harris County thing's been resolved. Some's judicially noticeable whether the guy's been convicted or not. We, Judge Higginson, I see my time is up. May I respond to your question? The, we would contest that it, that there are special circumstances here that are necessary to reopen the record to allow new information to come in. Um, well, to allow information that was available at the time, but there wasn't any information. Nothing has, uh, excuse me, let me re, let me rephrase that. If you win, new information would be available. So if that charge had been resolved, it would be, I've checked, it hasn't, it is still pending to this day. He's never, that warrant is still active. He's never been taken in on that charge. It is active on the Harris County docket and there hasn't been a, a, a setting since September of 2020 in that case. Do you see a time for rebuttal? Thank you. Thank you very much. Ms. Alanis. Is that correct? May it please the court, Amy Alanis for the United States. Alanis. Alanis. Yes, there should be a, an accent over the eye. This is not a bare arrest record for two reasons. First of all, there was a complaint and I, I made a goof in my brief. Uh, I got my wires crossed that it was a complaint pending at the time of sentencing. He was actually indicted in Harris County shortly. If you make a goof like that, which is pretty significant, you should, you should just file some notice to us. I should have done, Your Honor. I do apologize. I apologize to the court and to defense counsel, but it doesn't really make a whole lot of difference I think because, um, Judge Inglehart wrote in a, in a case he authored earlier this year called Rana Aragon, a complaint is, has enough indicia of reliability, language from that complaint to trigger, uh, or to, to let the judge rely on it and it triggers a defendant's burden at that point to speak up and say, to object and to put on some rebuttal evidence that didn't happen. Okay, time out again. Did you cite that case to us? Uh, I think Mr. Howe cited it in his report. Is that a bare arrest case? Because I don't remember reading it. Uh, it was, it was, the facts are very similar to this one. But it is. There was an arrest. There was an arrest. Because there's gonna, if so, which is interesting and I'd love to hear you explain, how does that reconcile with Foley? Because in Texas, a complaint doesn't have to go to a grand jury, it doesn't even have to probable cause, right? In Texas, the complaint happens when you are arrested without a warrant, when the officer sees you doing it. So there isn't, it doesn't mean there has been a finding of probable cause, which itself doesn't equate to preponderance. Judge, I think it is, it is magistrated, it goes before the magistrate and there is a finding of probable cause to continue to detain this individual because it was a DWI. He was arrested because he committed the offense within sight of the officer. But the whole point of the arrest, bare arrest doctrine is, the person's still presumed innocent. Right? In other words, you can't charge someone federally and then get the sentence on something that hasn't been adjudicated where they still have a presumption of innocence. Unless they say, oh, I agree with those facts, or at federal sentencing, you prove them to have preponderance. Is that correct? It is correct, Judge, but I think we're talking about two different things. Yes, due process requires there to be at least a preponderance of the evidence, but bare arrest record doctrine is more about the indicia of reliability. And Judge Inglehart found in Reina Aragón that that has sufficient indicia of reliability to trigger the burden of the defendant to come forward and dispute that, to object, to put on evidence. And that's . . . I think . . . Was Foley wrongly decided, or can you distinguish? I don't think Foley is wrongly decided. I went . . . I read the case very carefully and it's a little hard to tell exactly what was in the PSR, but it seemed like at least some of those arrests, there was nothing. It really was just, he was arrested, this was a charge. And I think in Foley, they didn't even know what had happened. And also in Foley, that was . . . You're mixing up several things. Do you agree if it's just a charge? We don't know if the charges have been dismissed, null pros, we don't know who, grand jury, bill of information, that's equivalent to an affair arrest? I think so. If that's all you have in that, it's just . . . And here we don't have an indictment, we just have the word complaint, and at the end of the paragraph it says, everyone's waiting for records so we can learn what it's about. And the government . . . That is true. And the government didn't object, didn't say, let's postpone sentencing? You're telling us they can actually stand up at sentencing and say, Your Honor, that's got enough reliability enhanced based on that? Well, Judge, again, it's not just . . . I mean, I've seen things that have been listed from the electronic arrest record that just says, oh, he was arrested in this year for this. This has more. The probation officer had the complaint. The complaint is the affidavit that the officer prepares, he swears under penalty of perjury, and he was magistrated the next day with that complaint. And the judge found probable cause to continue the case. He was in granted bond. So this is not just some . . . What's the case that says probable cause equals preponderance? I'm sorry, Judge? What's the case that says probable cause equals preponderance? I don't know that it equals . . . it doesn't equal preponderance. Obviously, you have probable cause, you have preponderance, you have reasonable doubt. But I think when it comes to an indicia of reliability, you know, the Reyna Aragon case says that that is sufficient. That's what you're putting your weight on, is that case, and you think it somehow fixed. I'm still stuck with, okay, so you walk in, you get an arrest warrant with a magistrate. You have probable cause. It doesn't mean the person can be sentenced based on the sworn affidavit of a police officer that basically eviscerates the arrest of a fair arrest doctrine. Well, again, it's about indicia of reliability, and he should have come forward and said that's not right. But he isn't objecting to the fact that the guy's been charged. What does he have to object to? It says we're going to get more records. There's nothing to object to. When do you think he's supposed to object? Well, I think he should have objected when he read the PSR. But it says you've been charged. He's not denying he's been charged. He's just saying that doesn't prove anything. Well, it doesn't, Judge, but at least it has an indicia of reliability. It isn't just some little indication. I would have thought your answer would be he has to object at sentencing. I think it's enough, yes, to show that. No, when the court indicates it might rely on that little piece that's not been proven. Yes. Yes. And I don't think you even need to decide that in the case, because he has the burden here. He briefed this as substantive reasonableness, so it's part of his burden to show that the judge placed significant weight on an improper factor. When you look at the sentencing, there is, she did not place significant weight on this arrest. But her statement of reason says she did. It does, Your Honor, but again, I think it's kind of, maybe it's like special conditions when you have the oral and the written. The oral has to control, and when you look at that sentencing transcript, when she gets down to it and she says, this is why I'm awkwardly varying. She gives three different reasons, three different 3553A factors. And the main one here, at issue here, is she says, you are a danger to the community based on the number of DWIs you have. And then she specifically says, even excluding your pending arrest. And so, she did not place significant weight on this, particularly in light of his very, very long criminal history. I've been looking at our case law. Is it significant weight, or just even considers? Well, again, that gets back to whether it's procedural error or it's substantive error. We've accepted it as both, our case law. It could be either. He's presented it as- Let's assume they preserved it. It's properly briefed as substantive error. I'm asking you, isn't it error, first of four prongs, for a district court to even really consider it, as opposed to put significant weight on it? If not, what's your case that says it's not? You're asking me if you look at it as unpreserved procedural error? No, it's preserved procedural error. No, he briefed this as substantively wrong, correct? I'm sorry, say that again. The brief says this was substantively a wrong sentence. Preserved. And of course, it was preserved, because he asked for a lesser sentence, and he, after the sentence was imposed, he adjusted it. So, if it's preserved, and yet we agree with you that it wasn't objected to at sentencing, what's the case that says it's allowable for a court to consider it, but not put significant weight? Was that your phrase? Significant weight? Well, I think there are a number of cases. Back to the Van Maal case, the Reynosa Escuadra, they talk about the language is, how the finding or the language is that the judge's sentencing colloquy is ambiguous at best about whether the judge placed significant weight. And again, under preserved substantive error standard, that is his burden to show that the judge placed a significant weight. Not merely that she mentioned it, or considered it a little bit, there has to be significant weight. And that just did not occur here. And if I could briefly go back to the bear arrest issue, there's another reason this isn't exactly a bear arrest issue, or just merely that. It's part of the narrative of how he ends up before this court. He's living in Houston. No one's bothering him. He drives drunk, and he gets arrested. And the judge was focused on the fact that you just got deported. The federal government decided to give you a break and not charge you with that. You get deported, and two months later, you're back. And of course, that is the instant offense. And so it's kind of interwoven in the narrative of this offense. And she was focusing on his extreme recidivism. You know, a 35-month illegal reentry sentence had not deterred him. A 65-month illegal reentry sentence hadn't deterred him. Even the thought of facing not only maybe another illegal reentry sentence, but facing the state of Texas going after him for his data, you know, pending DWI, that didn't deter him. Did I understand you correctly a few minutes ago? You made reference to the affidavit of the arresting officer. That's part of the state court record, or is that? That's the complaint, Your Honor. It's part of the—okay, but is that anywhere in our record? No, it is not. It is not. And so I would just ask the court to confirm the conviction here and to look carefully at the sentencing transcript at Reina Aragón and Reynoso Escuadra and Van Maal. Thank you. I just have a couple brief points on rebuttal, Your Honors. First, the government relies, as she acknowledged, very heavily on this court's opinion in the United States v. Reina Aragón. The problem, however, is that—and I forgot—pardon me—I'll cite you to the specific place in that opinion. When the court is deciding that there's not a bare arrest record in that case based on the complaint—and she's right, it is about a complaint in that case—it says, in addition to the date, charge, jurisdiction, and jurisdiction, the PSR described the allegations contained in the criminal complaint, including the identity of the alleged victim, and here it is, the specific conduct of the alleged offense. So Reina— That's a verifying information case. Reina, it says he touched the breasts and he unzipped the pants, and it's a sexual assault charge, right? And so that is a description of the factual underpinnings. And the defendant didn't object and tried— Right. And so, yes, that puts the district court on—that gives the district court the ability to find by a preponderance of the evidence, and it also gives the defendant the ability to rebut the allegation. But there is no specific allegation here, at least describing the underlying facts like Dickey's words. Yeah, I was disturbed to see indictment, and I'm disturbed by a reference to an affidavit that's not in the record. So that portion—and now I'm also agreeing with you—this is not a case where there's verifying facts. So that case, that's a disturbing reference to me. I'm still on the third prong where the judge says, I'm giving you 65 and I gave you that before. I'm thinking that looks—the word I used before was unadorned. And she's saying you can't use the written statement to explain the oral. And in other contexts, that's true, right? Well, no. In fact, it's the opposite. In other contexts, this court has repeatedly used the written statement of reasons or the written judgment to clarify ambiguity from the sentencing. And so what I understand the government— In the bear arrest doctrine context, do you even have a case like that? I mean, I would— Don't forget it. I can't just create an awesome case. I wish I could. But no, I don't have that exact case. But what I do have is multiple— What I understand the government to be arguing is that the district court said, well, in addition to the fact that you have this pending DWI charge, you also have a prior record that concerns me. The way I interpret the district court statements about setting aside, she didn't say exclude. She said setting aside, even setting aside the pending charge, you have this bad history. I understand that to be saying it's bad enough that you have this history, but in addition to that, you have this pending charge. And if you think about it, that makes sense because all of his prior convictions were more than a decade old at the time of sentencing. The pending charge bridges the gap between the past conduct that's certainly concerning and a present need to protect the public and a present need to deter criminal conduct that's not immigration-related. Certainly, the record is replete with examples why the court could be rightfully concerned that there would be future immigration-related crimes. He might re-enter again, but there— Do you think the sentence would have been different at all if he had not even—if there were no arrest record? I think that there's a reasonable probability, and that's what matters. Again, I do think Judge Alvarez will go up, but if she were to decide to give a sentence somewhere between 37 and 65, that is a benefit— But you've got one arrest record for drunk driving. Given this man's long offensive record, I mean, you think it added a month, two months? I'm not— Ten years? What do you—I mean, it just seems to me it would have no influence— Well, Judge Jolly— —on the sentence— I apologize for speaking. —given his record. Judge Jolly, the district court made clear in her statement of reasons—I mean, if the— What did it say exactly? It said the court considered Mr. Zarco-Bezos' criminal history to include the pending arrest for DWI. That is specific language, and the court chose to only discuss two things in the statement of reasons specifically, other than checking boxes, and one of those two things was a pending arrest. And again, it's because that demonstrates a present need for protection of the public for non-immigration-related crimes, and if that factor is eliminated from the calculus, there is at least a possibility that the court will go below, and that's what this court's case is regarding. For me, though, the government didn't urge it, and the defense counsel didn't object. Instead, the defense counsel started it all out by saying, we got something in Harris County. Well, I did. Thank you for bringing that up, Judge Higginson. If you'll allow me, I'd like to— Yeah, of course. —finish the answer to this, because it is very important. In United States v. Foley, this court recognized that the trial counsel in that case, who is another trial counsel from our office, mentioned the pending—the pending revocation charges during the sentencing hearing, and this court said that did not change the— If I remember, and this is sort of a precision issue, there the defense attorney said, because we want to go handle it, which sounds to me like contest it. Here the district, the defense attorney said, run it concurrent, which to me sounds more like saying, we got it, those are true, we need a sentence that's the same. Do you think that's not too much to extrapolate from the record? I think it is, and the reason why is because of the same reason that I said that I think we have preserved this objection, is because that would be entirely inconsistent with our written objection saying, you should not consider this as a basis for upward departing because he's presumed innocent, and you're right that that's the foundation. I stop you. Equal time. Thank you. Both of you. Very much. Thank you for presenting this case to us. And the second case of the day—